**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DIGITECH INFORMATION SYSTEMS, INC.,**

        **Plaintiff,**

**-vs-**                                    **Case No. 6:10-cv-1373-Orl-28KRS**

**BMW FINANCIAL SERVICES NA, LLC,**

        **Defendant.**

# ORDER

This patent infringement controversy involves United States Patent No. 7,739,180 ("the '180 Patent"). Plaintiff owns the '180 Patent and filed a complaint alleging that Defendant[1] infringed it. (Compl., Doc. 1). Defendant then moved for, and was granted, summary judgment based on patent invalidity under 35 U.S.C. § 101. (Order, Doc. 80). Plaintiff has now filed a Motion for Reconsideration (Doc. 84), requesting that this Court vacate its Order granting Defendant's motion for summary judgment and withdraw its final judgment in favor of Defendant. As discussed below, Plaintiff's motion shall be denied.

## I. Legal Standard

In order to grant a motion for reconsideration "there must be a reason why the court should reconsider its prior decision, and [the movant] must set forth facts or law of a strongly

---

[1] BMW Auto Leasing LLC was originally also named as a Defendant in this case but was dismissed because this Court could not exercise personal jurisdiction over it. (See Doc. 45).

convincing nature to induce the court to reverse its prior decision." Coppage v. U.S. Postal Serv., 129 F. Supp. 2d 1378, 1379 (M.D. Ga. 2001) (quoting Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994)). "There are three major grounds that justify reconsideration: 1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice." Bautista v. Cruise Ships Catering & Serv. Int'l, N.V., 350 F. Supp. 2d 987, 992 (S.D. Fla. 2003). "Reconsidering a previous order is an extraordinary remedy to be employed sparingly." Coppage, 129 F. Supp. 2d at 1379 (quotation omitted).

**II. The '180 Patent**

The '180 Patent recites "[a] method for selecting leases to optimize an investment portfolio." (The '180 Patent, Doc. 1-1, at 23). Only claims one through eight of the '180 Patent are at issue in this case; claim one is an independent claim and claims two through eight are dependent thereon. (Id.). The parties' arguments, therefore, center around claim one, which recites:

> A method for selecting leases to optimize an investment portfolio comprising the steps of:
>
> receiving data regarding an equipment purchase price, an equipment sales price, a number of units, a lease purchase price, a life of lease, a lease acquisition fee, an accelerated depreciation of change, and a yearly payment;
>
> calculating by computer a total purchase price by adding the lease purchase price to the lease acquisition fee;
>
> calculating by computer an accelerated depreciation result by multiplying the equipment purchase price by the number of units;

>    calculating by computer a rate of return by subtracting from the yearly payment the total purchase price and the accelerated depreciation result and dividing by the lease purchase price; and
>
>    selecting a lease based on the rate of return being greater or equal to a predetermined value and using the selected lease to create lease backed financial instrument derivatives and optimize the investment portfolio.

(Id.). The specification further describes a "two-tier investment strategy" whereby investors purchase equipment leases that are expected to generate high returns and then invest those returns in higher-risk investments–for example, start-up companies. (Id. at 17). The specification also explains that the method is "computer implemented" because of "the complexity" of the calculations. (Id. at 16).

## III. Discussion

Plaintiff asserts that reconsideration of the summary judgment Order in this case is justified because new evidence is available, because of an intervening change in the law, and because the Court committed clear error in granting Defendant's motion for summary judgment. Plaintiff's arguments are not well-taken.

### A. Burden of Proof

As an initial matter, Plaintiff argues that this Court failed to apply the proper burden of proof–clear and convincing evidence–and did not give Plaintiff's patent the presumption of validity to which it is entitled. To the contrary, in the summary judgment Order this Court specifically stated: "'A patent is presumed valid and the party asserting invalidity has the burden of persuasion to show the contrary by clear and convincing evidence.'" (Doc. 80 at 6 (quoting Research Corp. Techs., Inc. v. Microsoft Corp., 627 F.3d 859, 870 (Fed. Cir.

2010))). Thus, the Court is well aware of the applicable burden of proof and presumption of validity, and it applied them accordingly.

### A. Machine-or-Transformation Test

Although not dispositive, the machine-or-transformation test is a helpful tool used to determine whether a claim states patent-eligible subject matter under § 101. Pursuant to this test, if a "claim is tied to a particular machine" or "transforms an article into a different state or thing" it is likely not an abstract idea and is therefore patent-eligible under § 101. In re Bilski, 545 F.3d 943, 961-62 (Fed. Cir. 2008). However, "the use of a specific machine or transformation of an article must impose meaningful limits on the claim's scope to impart patent-eligibility . . . [and] the involvement of the machine or transformation in the claimed process must not merely be insignificant extra-solution activity." Id.

In its summary judgment arguments, Plaintiff asserted that a computer fulfills the machine prong of the machine-or-transformation test for the '180 Patent. That argument was rejected, however, because the computer did not "'impose meaningful limits on the claim's scope'" as required by Federal Circuit caselaw, (Doc. 80 at 8 (quoting Cybersource Corp. v. Retail Decisions, Inc., 654 F.3d 1366, 1375 (Fed. Cir. 2011))), and because the '180 Patent "merely claim[ed] a software implementation of a purely mental process that could otherwise be performed without the use of a computer," (id. at 8-10).

Plaintiff argues that this Court committed clear error in so deciding and that there is new evidence available to support its position. Plaintiff's new evidence, however, does not present any new content. The new evidence–excerpts from four depositions (Docs. 84-1, 84-2, 92-1 & 92-2) and an excerpt from an expert report (Doc. 84-3)–merely reiterates that

Plaintiff's preferred embodiment of its claimed method involves a very large number of leases and that synthesizing such a large volume of data would not be practical without the use of a computer. This does not constitute "new evidence" as this information was before the Court when it ruled on Defendant's motion for summary judgment.

Moreover, Plaintiff is asserting that this preferred embodiment should be read as a limitation on the claim as a whole. However, limiting the claim in this way is improper "absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited." Dealertrack, Inc. v. Huber, 674 F.3d 1315, 1327 (Fed. Cir. 2012); see also CLS Bank Int'l v. Alice Corp., No. 2011–1301, 2012 WL 2708400, at *9 (Fed. Cir. July 9, 2012) ("Patent eligibility must be evaluated based on what the claims recite, not merely on the ideas upon which they are premised."). No such "clear indication" exists. To the contrary, the specification states that the invention claimed in the '180 Patent may "be embodied in many different forms and should not be construed as limited to the embodiments set forth herein." ('180 Patent at 18). Additionally, the deposition of Robert Beverly confirms that other embodiments of the claimed method–namely, selecting a smaller pool of leases–could be done without the use of a computer. (See Beverly Dep., Doc. 84-1, at 64 ("Q. . . . [O]n a one-to-one basis, can these three calculations in claim 1 be performed in the human mind? . . . A. It could if you have the proper education and, you know, know the formula, yes, you can.").

Plaintiff also argues that this Court erred in ruling that the '180 Patent failed the transformation prong of the machine-or-transformation test. Plaintiff offers no new evidence in connection with this argument and merely restates the same arguments it made at the

summary judgment stage. Specifically, Plaintiff argues that the leases are transformed into lease-backed securities. As noted in the summary judgment Order, however, the claimed methodology "transforms nothing more than 'legal obligations or relationships, business risks, or other such abstractions'" and thus fails to meet the transformation prong. (Doc. 80 at 11 (quoting In re Bilski, 545 F.3d at 963)). Plaintiff has presented nothing to cause this Court to conclude that such a determination was in error.

In sum, Plaintiff's "new evidence" does not provide any new information in support of Plaintiff's arguments that the computer satisfies the machine prong of the machine-or-transformation test–if anything, it provides further support for the Court's grant of summary judgment to Defendant. Additionally, Plaintiff offers no new evidence, or even new arguments, in connection with its assertion that the '180 Patent satisfies the transformation prong. Thus, Plaintiff has failed to show that this Court should reconsider its machine-or-transformation test analysis.

### C. Abstract Idea Test

As the Court noted in its summary judgment Order, the fact that the claims at issue did not satisfy the machine-or-transformation test was a good indicator that they did not claim patent-eligible subject matter, but it was not dispositive. The Court was still required to determine if the claims were otherwise patent-eligible–that is whether the claims at issue do more than recite an abstract idea. This so-called "abstract idea test" is not a concrete test but rather a set of guidelines promulgated in various Supreme Court and Federal Circuit opinions. This Court carefully analyzed the relevant caselaw and determined that the claims at issue recited an abstract idea and were not patent-eligible.

Plaintiff asserts that the Court committed clear error in coming to this determination because it failed to consider the "critical sixth step" of "creating a lease backed product" recited in Claim 1 of the '180 Patent. While Plaintiff is correct that the Court only described five steps in its analysis, the Court did not overlook the portion of Claim 1 to which Plaintiff points. Rather, the "sixth step" indicated by Plaintiff was included in this Court's fifth step–as that is the way that the claim itself is written. Furthermore, Plaintiff's argument regarding the "sixth step" merely reformulates its "transformation" argument that by "creating" lease-backed securities the claimed method addresses a concrete concept and therefore is not abstract. This argument has already been rejected.

Finally, Plaintiffs cite for support a Federal Circuit case issued after the summary judgment Order–CLS Bank Int'l v. Alice Corp., No. 2011–1301, 2012 WL 2708400 (Fed. Cir. July 9, 2012). In CLS Bank, the Federal Circuit, after emphasizing the confusion surrounding the abstract idea test, reiterated that "the 'disqualifying characteristic' of abstractness must exhibit itself 'manifestly' 'to override the broad statutory categories of patent eligible subject matter.'" Id. at *7 (quoting Research Corp., 627 F.3d at 868). This is not a new concept–it was set forth in Research Corp.–and the CLS Bank court did not attempt to highlight this statement as some sort of new standard. Rather, this statement was part of an attempt by the Federal Circuit to consolidate and clarify the guidance set forth in numerous other cases regarding the abstract idea test. Id.

Moreover, CLS Bank does not alter this Court's analysis in this case. The patents at issue in CLS Bank "cover[ed] a computerized trading platform for exchanging obligations in which a trusted third party settles obligations between a first and second party so as to

eliminate 'settlement risk.'" Id. at *1.  Significantly, the parties conceded that the claims at issue in CLS Bank required the use of the computer and thus satisfied the machine prong of the machine-or-transformation test.  While this was not the only consideration by the court, the court relied heavily on this factor.  Id. at *13 ("While the use of a machine [a computer] in these limitations is less substantial or limiting than the industrial uses examined in *Diehr* (curing rubber) or *Alappat* (a rasterizer), the presence of these limitations prevents us from finding it manifestly evident that the claims are patent ineligible under § 101.").  As discussed previously, unlike the claims in CLS Bank, the claims at issue in this case do not satisfy the machine prong and therefore lack that significant limitation.  In addition, the claims at issue in CLS Bank "cover[ed] the practical application of a business concept in a specific way," id., and the claims were limited, by their terms, to "a very specific application" of the concepts they recited, id. at *12.  As discussed in the summary judgment Order, the claims at issue in this case lack such specific limitations.

On the other hand, the claims in another recent Federal Circuit case–Bancorp Servs. L.L.C. v. Sun Life Assurance Co. of Canada (U.S.), No. 2011–1467, 2012 WL 3037176 (Fed. Cir. July 26, 2012)–are far more similar to those in this case.  The claims at issue in Bancorp recited systems for managing a stable value protected investment plan and "provide[d] a computerized means for tracking the book value and market value of [insurance] policies and calculating the credits representing the amount the stable value protected writer must guarantee and pay should the policy be paid out prematurely."  Id. at *1.  Like the claims at issue here–and unlike those in CLS Bank–the claims in Bancorp did not satisfy either prong of the machine-or-transformation test.  Specifically, the use of a computer to implement the

calculations recited in the claims in Bancorp was insufficient to satisfy the machine prong because "the computer simply perform[ed] more efficiently what could otherwise be accomplished manually." Id. at *11. Ultimately, the Bancorp court determined that "the computer limitations do not play a 'significant part' in the performance of the claimed invention." Id. at *12.

As directed by the Supreme Court, however, the Bancorp court did not rely solely on the machine-or-transformation test–just as this Court does not here. Instead, the Bancorp court examined the limitations set forth in the claims at issue as a whole and determined that "unlike in [CLS Bank], the claims here are not directed to a 'very specific application' of the inventive concept." Id. As outlined in detail in this Court's summary judgment Order, the same is true for the claims at issue in this case.

In sum, CLS Bank does not constitute a change in the law, and its application does not alter the "abstract idea" analysis set forth in this Court's summary judgment Order. Additionally, the analysis set forth in Bancorp supports this Court's conclusion that the claims at issue in this case–when the limitations of these claims are viewed as a whole–attempt to claim a patent-ineligible abstract idea.

## IV. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Plaintiff's Motion for Reconsideration (Doc. 84) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 30th day of July, 2012.

_____
JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party